**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10419
Summary Calendar

WILLIE JAMES WASHINGTON,

Plaintiff-Appellant,

VERSUS

CITY OF LUBBOCK; LUBBOCK CTY TX, Sheriff of;
TRAVIS WARE; JENNIFER BENNETT; UNKNOWN JUDGE, 364th
State Court District Judge; UNKNOWN, Lubbock Police Officer;
UNKNOWN, Lubbock City Police Officer; BRADLEY S. UNDERWOOD,
364th District Court Judge,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(5:95CV00060)
August 25, 1995

Before THORNBERRY, DAVIS, AND SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant, Willie James Washington, is an inmate currently incarcerated in the New Mexico state prison system. He appeals the

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

dismissal of his *pro se, in forma pauperis* civil rights action.  We will affirm.

BACKGROUND

Washington is presently imprisoned on charges unrelated to the instant suit.  In this complaint he asserted the defendants violated his civil rights by falsely arresting and imprisoning him in December of 1989 on charges of forgery, which he contends were dismissed in 1995.  He complained that Defendant Keesee wrongfully failed to prevent his imprisonment from extending past the "six-month speedy trial period."[1]  In addition, Washington alleged that Judge Underwood and assistant district attorney Bennett, with defendant Ware's knowledge, wrongfully issued a detainer against him in December 1994 while he was imprisoned in New Mexico.

The district court determined that Washington's claims regarding his 1990 incarceration in the Lubbock County Jail were barred by limitations, and that Judge Underwood and the two prosecutors were absolutely immune from liability in connection with issuance of the detainer.  The court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(d), holding these claims

---

[1]  Complaints based on Texas' speedy trial act must fail because the statute, Tex. Code Crim. Proc. Ann. art. 32A.02, was stuck down as violative of the state constitution's separation of powers doctrine.  <u>Meshell v. State</u>, 739 S.W. 2d 246 (Tex.Crim.App. 1987).

were malicious and warning Washington that he would face sanctions if he filed another frivolous complaint.[2]

## Discussion

An *in forma pauperis* complaint may be dismissed under § 1915(d) if the district court finds the action is frivolous or malicious. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993). This Court reviews such a dismissal under an abuse of discretion standard. *Ibid*.

On appeal Washington argues that Judge Underwood enjoyed no immunity because he acted without subject matter jurisdiction to issue the detainer since the five-year statute of limitations had run prior to its issuance. We disagree. Except in the clear absence of jurisdiction, a judge is not deprived of jurisdiction because his action was done in error, maliciously or in excess of his authority. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05 (1978). Therefore if Judge Underwood merely acted in excess of his authority, he would still have had subject-matter jurisdiction and thus was protected. <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1125 (5th Cir. 1993).

The Texas Legislature has placed no limitation on a district judge's power to issue a state detainer. *See* Tex. Code Crim. Proc. Ann. art. 51.14. In addition, since the statute of limitations for

---

[2]    The district judge noted that in 1990 alone, Washington filed six suits in the northern district, unsuccessfully attempted to intervene in another, and filed a writ of mandamus and an interlocutory appeal in this Court.

forgery is ten, not five years, *see* Tex. Code Crim. Proc. Ann. art. 12.01(2)(c), then it was perfectly permissible for Judge Underwood to issue a detainer because the arrest and incarceration occurred in 1989, and the detainer was issued five years later in 1994.[3] Judge Underwood was not acting in the absence of jurisdiction and, therefore, the district court did not err in determining that he was immune from suit.

The district court was also correct in holding the state prosecutors were immune from liability. Prosecutors are absolutely immune from a suit for damages where acts complained of are those performed solely within the scope of their official duties. *See* Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991). Immunity applies to acts within the judicial phase of criminal proceedings, even if the prosecutor acted maliciously, wantonly, or negligently. Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

As to the limitations issue, the district court correctly held that Washington's complaints regarding his incarceration were time-barred.[4] In federal court a cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of the action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action for a claim of false imprisonment

---

[3] The district judge also noted that because Washington was indicted in state court, his false imprisonment claim is meritless.

[4] Because there is no statute of limitations for civil rights actions, the federal court gives effect to the forum state's tolling provisions. Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). The Texas personal injury limitations period of two years applies to Washington's claims of false arrest and imprisonment. *Ibid*.

presumably begins to accrue after the individual has been released. *See* <u>Donaldson v. O'Connor</u>, 493 F.2d 507, 529 (5th Cir. 1974), *judgment vacated on other grounds*, 422 U.S. 563 (1975). The cause of action began to accrue when Washington was released from prison, on or about seven and one-half months from December 1989, and this complaint was not filed until April 1995. His false arrest claim was likewise time-barred because his allegations suggest that he knew or should have known of his injury at the time of the arrest in December 1989. *See* <u>Pete v. Metcalf</u>, 8 F.3d 214, 217 (5th Cir. 1993). Thus, these claims were properly dismissed pursuant to § 1915(d). <u>Gartrell v. Gaylor</u>, 981 F.2d at 256.

## Conclusion

The district court did not abuse its discretion in dismissing Washington's complaint as frivolous. Therefore, the judgment is
AFFIRMED.